# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DANNY JOE HUGHES,**

    Plaintiff,

-vs-                              **Case No. 16-C-541**

**JAMES L. MILLER,**
**PAULA R. BRUNNER, and**
**MILLER & MILLER LAW, LLC,**

    Defendants.

## DECISION AND ORDER

This action, filed by pro se Plaintiff Danny Joe Hughes, relates to *In re: Hughes,* Case No. 15-bk-23793 (Bankr. E.D. Wis.). Hughes has filed an application for leave to proceed without prepayment of the filing fee and a request for an emergency order restraining the May 7, 2016 public auction of his land and cars. (ECF Nos. 2, 3.) Hughes asserts that the Court has federal question jurisdiction over this action under 28 U.S.C. § 1331.

In order to authorize a litigant to proceed without prepaying the filing fee, the Court must make two determinations: first, whether the litigant is unable to pay the costs of commencing this action; and second, whether the action is frivolous or malicious. 28 U.S.C. §§ 1915(a) and (e)(2)(B)(i). The Court must deny a request to proceed without prepaying the fee if (1) the allegation of poverty is untrue; (2) the action is frivolous;

(3) the action fails to state a claim; or (4) the action seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2).

However, the district courts of the United States are "courts of limited jurisdiction" which "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). In light of this limitation, jurisdiction will not be presumed and in all cases "the party asserting federal jurisdiction has the burden of proof to show that jurisdiction is proper." *Travelers Prop. Cas. v. Good*, 689 F.3d 714, 722 (7th Cir. 2012). "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514 (2006).

*Facts*

The following well-pleaded facts of Hughes' pro se Complaint are liberally construed, *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) and, at this stage of the proceedings, taken as true, *Iddir v. INS*, 301 F.3d 492, 496 (7th Cir. 2002). Defendant Paula Brunner, now a Denver, Colorado attorney, was formerly employed by Defendant Miller & Miller Law LLC, a limited liability company located in Milwaukee, Wisconsin. Brunner filed Hughes' bankruptcy proceeding under Chapter 7; she should have filed under

- 2 -

Chapter 13 because he has a job and could have made the Chapter 13 payments. Brunner did not file a "section (c)," did not file the "non-filing spouse[']s" as required by 11 U.S.C. § 342, did not have Hughes complete the debtor's education course on time, omitted bank loans from the schedules, and incorrectly listed his landlord's "paper" as a second mortgage on the house. (Compl. ¶ B, ECF No. 1.) These omissions and errors caused the bankruptcy trustee to immediately request title to Hughes' land and cars.

James Miller of the Miller firm testified that in September 2015, he directed that Hughes' file be boxed so that Hughes could seek new counsel Instead, the file was sent to a third party. The third-party sent the file to a bank which destroyed the file.

Hughes wants his land and cars returned. If they are not returned, he wants $850,000.

*Analysis*

Hughes asserts that his action is brought under § 1331. District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Liberally construed, Hughes' complaint alleges claims for breach of contract and/or legal malpractice. Both causes of action arise under state

- 3 -

law, not federal law. Therefore, Hughes has not met his burden of establishing that this Court has jurisdiction over this action under § 1331.

Because Hughes proceeds pro se, the Court also considers whether he has established that subject matter jurisdiction is afforded by 28 U.S.C. § 1332, which has two requirements: (1) there must be "complete diversity between all named plaintiffs and all named defendants" — meaning that no named plaintiff is from the same state as any named defendant — "and no defendant [may be] a citizen of the forum State." *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 84 (2005); *see also* 28 U.S.C. § 1332(a); and (2) the matter in controversy must "exceed[] the sum or value of $75,000, exclusive of interest and costs." *Id.*

Hughes has not satisfied the first requirement. James Miller is a citizen of Wisconsin — the forum state — as is Hughes. Since both Hughes and James Miller are citizens of the same state, Hughes has not met his burden of establishing that the action satisfies the complete diversity requirement

To be complete, the Court also notes that Hughes incorrectly asserts that the Miller firm is a citizen of Wisconsin. For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members." *Thomas v. Guardsmark, LLC,* 487 F.3d 531, 534 (7th Cir. 2007).

Therefore, a plaintiff is required to "identify the citizenship of each of [the LLC's] members as of the date the complaint . . . was filed, and, if those members have members, the citizenship of those members as well." *Id*. Hughes' Complaint does not identify the members of the LLC or where they are citizens and, therefore, is insufficient to establish that this Court has diversity jurisdiction. Of course, if any firm member is a citizen of Wisconsin, the Court would also lack diversity jurisdiction. *See Lincoln Prop. Co.,* 546 U.S. at 84.

Based on the foregoing, Hughes' Complaint is dismissed for lack of subject matter jurisdiction. Because the Court lacks jurisdiction over this action, Hughes' request for leave to proceed without prepayment of fees and for an emergency restraining order are dismissed without prejudice. Hughes may file an amended complaint no later than June 6, 2016, resolving the jurisdictional issues outlined in this Decision. Failure to file an amended complaint by the stated deadline will result in dismissal of this action without further order of the Court.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Hughes' Complaint is **DISMISSED** for lack of subject matter jurisdiction;

Hughes' request for leave to proceed without prepayment of fees and for an emergency restraining order are **DISMISSED** without prejudice;

**No later than June 6, 2016,** Hughes may file an amended complaint resolving the jurisdictional issues outlined in this Decision;

If Hughes fails to file an amended complaint by the stated deadline, the Clerk of Court is authorized to enter judgment dismissing this action.

Dated at Milwaukee, Wisconsin, this 5th day of May, 2016.

**BY THE COURT:**

*s/ J. P. Stadtmueller*
for **HON. RUDOLPH T. RANDA**
**U.S. District Judge**

- 6 -

Case 2:16-cv-00541-RTR   Filed 05/05/16   Page 6 of 6   Document 4